ASHBY, Respondent, *vs.* DILLON & LESTER, Appellants.

1. A note given to a constable for forbearance to levy an execution is void.

*Appeal from St. Louis Law Commissioner's Court.*

*M. L. Gray*, for appellant. The note taken by the constable under color of his office, was given for an illegal consideration and is void. The duty of the constable was to levy the writ. The act of the constable was a criminal offence by statute, (R. C. 1845, p. 390–1, §16, 17, 19, p. 506, §38.) Transactions prohibited under a penalty are void. Chitty on Contracts, 695 and cases there cited. Again, the note is void by the general policy of the law. 2 Burr. 924. 6 Comyn's Dig. 2 W. 25, p. 384–5. 5 Mass. 385, 541. 4 ib. 370. 8 J. R. 98. 7 J. R. 159, 319, 426. 12 J. R. 207. 3 Thomas' Coke, 541. 17 Mo. Rep. 555.

*P. E. Bland*, for respondent. The note was given for a sufficient and a legal consideration. It was perfectly competent for the officer, if he saw fit, to assume the liability which he incurred by a failure to levy the execution, and the note given by the execution debtor to indemnify him is valid. That the note is for double the amount of the execution debt does not affect its validity. The consideration was the risk incurred by the officer in forbearing to levy.

SCOTT, Judge, delivered the opinion of the court.

This was an action on a promissory note for eighty-one dollars and sixteen cents, by the respondent, Ashby, as assignee,

against the appellants. The note was payable to John Bray, who was constable of Central township, in St. Louis county.

Ths facts are, that Bray, the constable, had an execution against the defendant, Dillon, and went to his house, on the day Dillon intended to have sale of some of his property, for the purpose of levying it. Dillon had a race horse which some of the witnesses say was worth a thousand dollars. Dillon directed the constable to levy on this horse, and informed him that he would give a delivery bond for the forthcoming of the property on the day of sale. This the constable refused to do, and threatened to levy on the property about to be sold on that day, unless Dillon would give him a note, with security, for double the amount of the execution; that his purpose in having a sale might not be frustrated, Dillon executed the note sued on, with Lester as his security. The note was not returned with the execution, but was assigned as the private property of the constable to the plaintiff, who was the subscribing witness to it, and was fully apprised of all the circumstances under which it was given. It did not appear that the execution in the hands of the constable had ever been satisfied. It appeared that the note was given for double the amount of the execution.

1. A more outrageous abuse of authority in a public officer is rarely presented, than is disclosed by the facts of the case before us. The constable should not have refused to levy on the horse. The evidence shows that he was amply sufficient to satisfy the execution. A constable, by virtue of an execution, has no right to elect on what property of the debtor he will serve his writ, that he may extort money for afterwards releasing it. The consideration of the note sued on was the forbearance of an officer to do that with his writ which he had no right to do. It was a gross perversion of the duties of his office, and it is surprising that he should have had the hardihood to bring such a case to the knowledge of the courts.

The other judges concurring, the judgment will be reversed, and judgment for the appellants.